Brandon C. Fernald (Nevada Bar #10582)
FERNALD LAW GROUP LLP
2300 West Sahara Ave., Suite 800
Las Vegas, Nevada 89102
Tel:  (702) 410-7500
Fax:  (702) 410-7520
Email:  brandon.fernald@fernaldlawgroup.com

Edward E. Casto, Jr. (*pro hac vice* application pending)
Decker A. Cammack (*pro hac vice* application pending)
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th St., Suite 300
Fort Worth, Texas 76107
Tel:  (817) 377-9111
Fax:  (817) 377-3485
Email:  ecasto@nbclaw.net
           dcammack@nbclaw.net

Attorneys for Plaintiff
EMAIL LINK CORPORATION

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EMAIL LINK CORP., <br><br> Plaintiff, <br><br> v. <br><br> TREASURE ISLAND, LLC; WYNN RESORTS, LIMITED; LAS VEGAS SANDS CORPORATION; COSMOPOLITAN HOTELS & RESORTS INC.; MGM RESORTS INTERNATIONAL; CAESARS ENTERTAINMENT CORPORATION; HARD ROCK HOTEL HOLDINGS, LLC; and HILTON WORLDWIDE, INC., <br><br> Defendants. | Case No.  2:11-cv-1433 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff EMAIL LINK CORPORATION files this Original Complaint for patent infringement against Defendants TREASURE ISLAND, LLC; WYNN RESORTS, LIMITED; LAS VEGAS SANDS CORPORATION; COSMOPOLITAN HOTELS & RESORTS INC.; MGM RESORTS INTERNATIONAL; CAESARS ENTERTAINMENT CORPORATION, HARD ROCK HOTEL HOLDINGS, LLC; and HILTON WORLDWIDE, INC., alleging as follows:

## I.    JURISDICTION AND VENUE

1. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of this action under Title 28 U.S.C. § 1331 and § 1338(a).

2. The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Each Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Nevada.  On information and belief, each Defendant regularly solicits business in and to Nevada and derives substantial revenue from products, systems, and/or services sold or provided to individuals or entities residing in, or traveling to their respective Nevada businesses including, but not limited to, hotel and resort services, and casino gaming.

## II.    THE PARTIES

3. Plaintiff EMAIL LINK CORPORATION ("ELC") is a Delaware corporation, with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, CA 92660.

4. On information and belief, Defendant TREASURE ISLAND, LLC ("Treasure Island") is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.  This Defendant may be served with process through its registered agent, Treasure Island, LLC c/o General Counsel, 3300 Las Vegas Boulevard South, Las Vegas, Nevada 89106.

5. On information and belief, Defendant WYNN RESORTS, LIMITED ("Wynn") is a Nevada corporation with its principal place of business in Las Vegas, Nevada. This Defendant may be served with process through its registered agent, Kimmarie Sinatra, 3131 Las Vegas Boulevard South, Las Vegas, Nevada 89109.

6. On information and belief, Defendant LAS VEGAS SANDS CORPORATION ("Sands") is a Nevada corporation with its principal place of business in Las Vegas, Nevada. This Defendant may be served with process through its registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

7. On information and belief, Defendant COSMOPOLITAN HOTELS & RESORTS INC. ("Cosmopolitan") is a Nevada corporation with its principal place of business in Las Vegas, Nevada. This Defendant may be served with process through its registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

8. On information and belief, Defendant MGM RESORTS INTERNATIONAL ("MGM") is a Delaware corporation with its principal place of business in Las Vegas, Nevada. This Defendant may be served with process through its registered agent, Vitoria T. Ferraro, LLP, 3950 Las Vegas Boulevard South, Las Vegas, Nevada 89119.

9. On information and belief, Defendant CAESARS ENTERTAINMENT CORPORATION ("Caesars") is a Delaware corporation with its principal place of business in Las Vegas, Nevada. This Defendant may be served with process through its registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

10. On information and belief, Defendant HARD ROCK HOTEL HOLDINGS, LLC ("Hard Rock") is a Delaware limited liability company with principal place of business in Las Vegas, Nevada. This Defendant may be served with process through its

1  registered agent, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

11. On information and belief, Defendant HILTON WORLDWIDE, INC. ("Hilton") is a Delaware corporation with its principal place of business in McLean, Virginia. This Defendant may be served with process through its registered agent, United States Corporation Company, 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

### III.  CLAIM FOR PATENT INFRINGEMENT OF PATENT NO. 7,840,176

12. Plaintiff ELC incorporates each of the allegations above as if fully set forth herein.

13. On November 23, 2010, United States Patent No. 7,840,176 ("the '176 Patent") was duly and legally issued for an "Information Distribution and Processing System." A true and correct copy of the '176 Patent is attached hereto as Exhibit A.

14. ELC is the assignee of the '176 Patent and owns all right, title, and interest in and to the '176 Patent, including the right to prosecute this action and recover past, present and future damages from the infringements alleged herein.

15. Defendant Treasure Island has infringed and continues to directly infringe claimed systems of the '176 patent. On information and belief, and at a minimum, Treasure Island has been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or having transmitted on its behalf, email communications to past, present, and potential future customers that contain links to data comprising Website pages owned, operated, or operated on behalf of Treasure Island. At least a portion of the data that comprises the Website pages owned, operated, or operated on behalf of Treasure Island contains links to other data.

16. Upon information and belief, Treasure Island provides the infringing method for the use of its customers, with knowledge of the '176 Patent at least as of the date of service of this Complaint.

17. In addition to direct infringement, Treasure Island alternatively infringes indirectly by presenting its system using emails to customers—a system that has no substantially non-infringing use—which customers implement to directly infringe the '176 Patent, thus resulting in contributory infringement.

18. Treasure Island also alternatively induces infringement by providing its system using emails with links to its past customers, current customers, and potential customers with at least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent by using the email system in an infringing manner. At least of the date of this Complaint, Treasure Island is providing its system using emails with links to these third parties with full knowledge of the '176 Patent, and knows or should know that use of its system using emails infringes the '176 Patent. Subsequent to the filing of this Complaint, continued provision of its system using emails with links to third parties constitutes specific intent on the part of Treasure Island to knowingly and actively induce infringement by encouraging infringement by its customers.

19. Defendant Wynn has infringed and continues to directly infringe claimed systems of the '176 patent. On information and belief, and at a minimum, Wynn has been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or having transmitted on its behalf, email communications to past, present, and potential future customers that contain links to data comprising Website pages owned, operated, or operated on behalf of Wynn. At least a portion of the data that comprises the Website pages owned, operated, or operated on behalf of Wynn contains links to other data.

20. Upon information and belief, Wynn provides the infringing method for the use of its customers, with knowledge of the '176 Patent at least as of the date of service of this Complaint.

21. In addition to direct infringement, Wynn alternatively infringes indirectly by presenting its system using emails to customers—a system that has no substantially non-infringing use—which customers implement to directly infringe the '176 Patent, thus

1  resulting in contributory infringement.

2      22.    Wynn also alternatively induces infringement by providing its system using emails with links to its past customers, current customers, and potential customers with at least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent by using the email system in an infringing manner.  At least of the date of this Complaint, Wynn is providing its system using emails with links to these third parties with full knowledge of the '176 Patent, and knows or should know that use of its system using emails infringes the '176 Patent.  Subsequent to the filing of this Complaint, continued provision of its system using emails with links to third parties constitutes specific intent on the part of Wynn to knowingly and actively induce infringement by encouraging infringement by its customers.

23.    Defendant Sands has infringed and continues to directly infringe claimed systems of the '176 patent.  On information and belief, and at a minimum, Sands has been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or having transmitted on its behalf, email communications to past, present, and potential future customers that contain links to data comprising Website pages owned, operated, or operated on behalf of Sands.  At least a portion of the data that comprises the Website pages owned, operated, or operated on behalf of Sands contains links to other data.

24.    Upon information and belief, Sands provides the infringing method for the use of its customers, with knowledge of the '176 Patent at least as of the date of service of this Complaint.

25.    In addition to direct infringement, Sands alternatively infringes indirectly by presenting its system using emails to customers—a system that has no substantially non-infringing use—which customers implement to directly infringe the '176 Patent, thus resulting in contributory infringement.

26.    Sands also alternatively induces infringement by providing its system using emails with links to its past customers, current customers, and potential customers with at

least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent by using the email system in an infringing manner. At least of the date of this Complaint, Sands is providing its system using emails with links to these third parties with full knowledge of the '176 Patent, and knows or should know that use of its system using emails infringes the '176 Patent. Subsequent to the filing of this Complaint, continued provision of its system using emails with links to third parties constitutes specific intent on the part of Sands to knowingly and actively induce infringement by encouraging infringement by its customers.

27. Defendant Cosmopolitan has infringed and continues to directly infringe claimed systems of the '176 patent. On information and belief, and at a minimum, Cosmopolitan has been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or having transmitted on its behalf, email communications to past, present, and potential future customers that contain links to data comprising Website pages owned, operated, or operated on behalf of Cosmopolitan. At least a portion of the data that comprises the Website pages owned, operated, or operated on behalf of Cosmopolitan contains links to other data.

28. Upon information and belief, Cosmopolitan provides the infringing method for the use of its customers, with knowledge of the '176 Patent at least as of the date of service of this Complaint.

29. In addition to direct infringement, Cosmopolitan alternatively infringes indirectly by presenting its system using emails to customers—a system that has no substantially non-infringing use—which customers implement to directly infringe the '176 Patent, thus resulting in contributory infringement.

30. Cosmopolitan also alternatively induces infringement by providing its system using emails with links to its past customers, current customers, and potential customers with at least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent by using the email system in an infringing manner. At least of the date

of this Complaint, Cosmopolitan is providing its system using emails with links to these third parties with full knowledge of the '176 Patent, and knows or should know that use of its system using emails infringes the '176 Patent.  Subsequent to the filing of this Complaint, continued provision of its system using emails with links to third parties constitutes specific intent on the part of Cosmopolitan to knowingly and actively induce infringement by encouraging infringement by its customers.

31.     Defendant MGM has infringed and continues to directly infringe claimed systems of the '176 patent.  On information and belief, and at a minimum, MGM has been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or having transmitted on its behalf, email communications to past, present, and potential future customers that contain links to data comprising Website pages owned, operated, or operated on behalf of MGM.  At least a portion of the data that comprises the Website pages owned, operated, or operated on behalf of MGM contains links to other data.

32.     Upon information and belief, MGM provides the infringing method for the use of its customers, with knowledge of the '176 Patent at least as of the date of service of this Complaint.

33.     In addition to direct infringement, MGM alternatively infringes indirectly by presenting its system using emails to customers—a system that has no substantially non-infringing use—which customers implement to directly infringe the '176 Patent, thus resulting in contributory infringement.

34.     MGM also alternatively induces infringement by providing its system using emails with links to its past customers, current customers, and potential customers with at least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent by using the email system in an infringing manner.  At least of the date of this Complaint, MGM is providing its system using emails with links to these third parties with full knowledge of the '176 Patent, and knows or should know that use of its system using emails infringes the '176 Patent.  Subsequent to the filing of this Complaint, continued

1  provision of its system using emails with links to third parties constitutes specific intent
2  on the part of MGM to knowingly and actively induce infringement by encouraging
3  infringement by its customers.

4  35. Defendant Caesars has infringed and continues to directly infringe claimed systems of the '176 patent. On information and belief, and at a minimum, Caesars has been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or having transmitted on its behalf, email communications to past, present, and potential future customers that contain links to data comprising Website pages owned, operated, or operated on behalf of Caesars. At least a portion of the data that comprises the Website pages owned, operated, or operated on behalf of Caesars contains links to other data.

11 36. Upon information and belief, Caesars provides the infringing method for the use of its customers, with knowledge of the '176 Patent at least as of the date of service of this Complaint.

14 37. In addition to direct infringement, Caesars alternatively infringes indirectly by presenting its system using emails to customers—a system that has no substantially non-infringing use—which customers implement to directly infringe the '176 Patent, thus resulting in contributory infringement.

18 38. Caesars also alternatively induces infringement by providing its system using emails with links to its past customers, current customers, and potential customers with at least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent by using the email system in an infringing manner. At least of the date of this Complaint, Caesars is providing its system using emails with links to these third parties with full knowledge of the '176 Patent, and knows or should know that use of its system using emails infringes the '176 Patent. Subsequent to the filing of this Complaint, continued provision of its system using emails with links to third parties constitutes specific intent on the part of Caesars to knowingly and actively induce infringement by encouraging infringement by its customers.

28

39. Defendant Hard Rock has infringed and continues to directly infringe claimed systems of the '176 patent. On information and belief, and at a minimum, Hard Rock has been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or having transmitted on its behalf, email communications to past, present, and potential future customers that contain links to data comprising Website pages owned, operated, or operated on behalf of Hard Rock. At least a portion of the data that comprises the Website pages owned, operated, or operated on behalf of Hard Rock contains links to other data.

40. Upon information and belief, Hard Rock provides the infringing method for the use of its customers, with knowledge of the '176 Patent at least as of the date of service of this Complaint.

41. In addition to direct infringement, Hard Rock alternatively infringes indirectly by presenting its system using emails to customers—a system that has no substantially non-infringing use—which customers implement to directly infringe the '176 Patent, thus resulting in contributory infringement.

42. Hard Rock also alternatively induces infringement by providing its system using emails with links to its past customers, current customers, and potential customers with at least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent by using the email system in an infringing manner. At least of the date of this Complaint, Hard Rock is providing its system using emails with links to these third parties with full knowledge of the '176 Patent, and knows or should know that use of its system using emails infringes the '176 Patent. Subsequent to the filing of this Complaint, continued provision of its system using emails with links to third parties constitutes specific intent on the part of Hard Rock to knowingly and actively induce infringement by encouraging infringement by its customers.

43. Defendant Hilton has infringed and continues to directly infringe claimed systems of the '176 patent. On information and belief, and at a minimum, Hilton has

1  been and now is directly infringing at least claim 10 of the '176 patent by transmitting, or
2  having transmitted on its behalf, email communications to past, present, and potential
3  future customers that contain links to data comprising Website pages owned, operated, or
4  operated on behalf of Hilton.  At least a portion of the data that comprises the Website
5  pages owned, operated, or operated on behalf of Hilton contains links to other data.

6       44.    Upon information and belief, Hilton provides the infringing method for the
7  use of its customers, with knowledge of the '176 Patent at least as of the date of service
8  of this Complaint.

9       45.    In addition to direct infringement, Hilton alternatively infringes indirectly
10  by presenting its system using emails to customers—a system that has no substantially
11  non-infringing use—which customers implement to directly infringe the '176 Patent, thus
12  resulting in contributory infringement.

13       46.    Hilton also alternatively induces infringement by providing its system using
14  emails with links to its past customers, current customers, and potential customers with at
15  least the implicit instructions to directly infringe the method(s) claimed in the '176 Patent
16  by using the email system in an infringing manner.  At least of the date of this Complaint,
17  Hilton is providing its system using emails with links to these third parties with full
18  knowledge of the '176 Patent, and knows or should know that use of its system using
19  emails infringes the '176 Patent.  Subsequent to the filing of this Complaint, continued
20  provision of its system using emails with links to third parties constitutes specific intent
21  on the part of Hilton to knowingly and actively induce infringement by encouraging
22  infringement by its customers.

23       47.    ELC has been damaged as a result of Defendants' infringing conduct.
24  Defendants are, thus, liable to ELC in an amount that adequately compensates it for their
25  infringements, which, by law, cannot be less than a reasonable royalty, together with
26  interest and costs as fixed by this Court under 35 U.S.C. § 284.

27                                       **IV.**    **JURY DEMAND**
28

ELC hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure with respect to all issues so triable.

## V.     PRAYER FOR RELIEF

**WHEREFORE** ELC requests that the Court find in its favor and against Defendants, and that the Court grant ELC the following relief:

    a.     Judgment that one or more claims of United States Patent No. 6,339,693 has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

    b.     Judgment that Defendants account for and pay to ELC all damages to and costs incurred by ELC because of Defendants' infringing activities and other conduct complained of herein;

    c.     That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

    d.     That ELC be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

    e.     That the Court declare this an exceptional case and award ELC its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

    f.     That ELC be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:   September 7, 2011          Respectfully submitted,

           */s Brandon C. Fernald*
Brandon C. Fernald (Nevada Bar #10582)
FERNALD LAW GROUP LLP
2300 West Sahara Ave., Suite 800
Las Vegas, Nevada 89102
(702) 410-7500/FAX (702) 410-7520
brandon.fernald@fernaldlawgroup.com

(*pro hac vice* applications pending)
Edward E. Casto, Jr. Esq.
Decker A. Cammack, Esq.
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th St., Suite 300
Fort Worth, Texas 76107
Tel:  (817) 377-9111
Fax:   (817) 377-3485
Email:  ecasto@nbclaw.net
       rgriffin@nbclaw.net


Attorneys for Plaintiff
EMAIL LINK CORPORATION.