**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EMAIL LINK CORP., | 2:11-cv-01433-ECR-GWF |
| Plaintiff, | **Order** |
| vs. | |
| TREASURE ISLAND, LLC; WYNN RESORTS, LIMITED; LAS VEGAS SANDS CORPORATION; COSMOPOLITAN HOTELS AND RESORTS, INC.; MGM RESORTS INTERNATIONAL; CAESARS ENTERTAINMENT CORPORATION; HARD ROCK HOTEL HOLDINGS, LLC; and HILTON WORLDWIDE, INC., | |
| Defendants. | |

This is a patent infringement action involving U.S. Patent No. 7,840, 176 (the "'176 Patent") which concerns a method of information distribution using a broadcast channel and a bi-directional communication channel.

**I. Factual Background**

The undisputed facts are as follows: On November 23, 2010, the United States Patent and Trademark Office ("USPTO") issued the '176 Patent for an "Information Distribution and Processing System."

(Compl. Ex. A (#1-10)[1].)  The '176 Patent lists Hark C. Chan as the Inventor, Plaintiff Email Link Corporation ("Plaintiff" or "Email Link") as the Assignee, and provides that "[t]his patent is subject to a terminal disclaimer.  (Id.)

The Terminal Disclaimer relating to the '176 Patent was filed with the USPTO on July 2, 2010 prior to the issuance of the '176 Patent.  (Defs.' Mot. Dismiss Ex. 12 (#38-13).)  The Terminal Disclaimer provides as follows in relevant part:

> The owner[], Acacia Global Acquisition LLC, of 100 percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of **prior patent** No. 7,508,789 as the term of said **prior patent** is defined in 35 U.S.C. 154 and 173, and as the term of said **prior patent** is presently shorted by any terminal

---

[1] Ordinarily, if a district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."  Ritchie, 342 F.3d at 908.
If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them."  Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) (citation, internal quotations, and ellipsis omitted).  Additionally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").
We therefore consider Patent '176, attached as Exhibit A to the Complaint (#1) without converting the motions to dismiss into motions for summary judgment.  Further, we take judicial notice of the public documents attached to Defendants' Motion to Dismiss (#38).

> disclaimer.  The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the **prior patent** are commonly owned.  This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors and assigns.

(Id. (emphasis in original).)

Currently, Plaintiff Email Link owns the '176 Patent and Online News Link, LLC ("Online New Link") owns the prior patent referenced in the Terminal Disclaimer, U.S. Patent No. 7,508,789 (the "'789 Patent"). (Pl.'s Opp'n at 2 (#57); Defs.' Mot. Dismiss at 6 (#38).) Acacia Global Acquisition, LLC ("Acacia") owns one hundred percent of all issued shares of Plaintiff Email Link and is the 100% sole member of ONL, the owner of the '789 Patent. (Pl.'s Opp'n at 23 (#57); Defs.' Mot. Dismiss at 6 (#38).)

## II. Procedural Background

On September 7, 2011, Plaintiff filed a Complaint (#1) alleging that Defendants have  directly and indirectly infringed the '176 Patent, which Plaintiff owns.  (Compl. at ¶¶ 13-14.)

On September 21, 2011, Plaintiff filed a Notice of Voluntary Dismissal (#10), dismissing Defendant Cosmopolitan Hotel & Resorts, Inc. from the action without prejudice.

On November 11, 2011, Defendant Caesars Entertainment Corporation ("Caesars"), Hilton Worldwide, Inc. ("Hilton"), MGM Resorts International ("MGM"), Treasure Island, LLC ("Treasure Island"), and Wynn Resorts, Limited ("Wynn") filed a Motion to Dismiss (#38).  On November 18, 2011, Defendant Hard Rock Hotel Holdings, LLC ("Hard Rock") filed a Joinder (#48) to the Motion to Dismiss (#38).

1  Plaintiff filed its Opposition (#57) on December 1, 2012.  Defendants
2  Caesars, Hilton, MGM, Treasure Island, and Wynn filed their Reply
3  (#71) on December 22, 2011.  Defendant Hard Rock filed a Joinder (#73)
4  to the Reply (#71) on December 22, 2011.  Defendant Hard Rock also
5  filed its own Reply (#72) on December 22, 2011.
6      On November 28, 2011, Defendant Las Vegas Sands Corporation
7  ("Sands") filed a Motion to Dismiss (#56).  Plaintiff filed its
8  Opposition (#70) on December 22, 2011.  Sands filed its Reply (#75) on
9  January 11, 2012.
10      On December 27, 2011, Plaintiff filed a Motion for Leave to File
11 Amended Complaint (#74).  Defendant Sands filed its Opposition (#76)
12 on January 13, 2012.  Plaintiff filed its Reply (#80) on January 23,
13 2012.  Plaintiff filed a Surreply (#81) on January 24, 2012.
14 Defendant Sands filed its Response (#83) to Plaintiff's Surreply (#81)
15 on February 7, 2012.

### III. Legal Standard

18      A motion to dismiss under Federal Rule of Civil Procedure
19 12(b)(6) will only be granted if the complaint fails to "state a claim
20 to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly,
21 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937,
22 1953 (2009) (clarifying that Twombly applies to pleadings in "all
23 civil actions").  On a motion to dismiss, except where a heightened
24 pleading standard applies, "we presum[e] that general allegations
25 embrace those specific facts that are necessary to support the claim."
26 Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting

                                    4

1  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration
2  in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007)
3  (noting that "[s]pecific facts are not necessary; the statement need
4  only give the defendant fair notice of what the . . . claim is and the
5  grounds upon which it rests.") (internal quotation marks omitted).
6  Moreover, "[a]ll allegations of material fact in the complaint are
7  taken as true and construed in the light most favorable to the non-
8  moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th
9  Cir. 1996) (citation omitted).
10      Although courts generally assume the facts alleged are true,
11 courts do not "assume the truth of legal conclusions merely because
12 they are cast in the form of factual allegations." W. Mining Council
13 v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly,
14 "[c]onclusory allegations and unwarranted inferences are insufficient
15 to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403
16 (citation omitted).
17      Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is
18 normally limited to the complaint itself. See Lee v. City of L.A.,
19 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on
20 materials outside the pleadings in making its ruling, it must treat
21 the motion to dismiss as one for summary judgment and give the non-
22 moving party an opportunity to respond.  FED. R. CIV. P. 12(d);
23 see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A
24 court may, however, consider certain materials — documents attached to
25 the complaint, documents incorporated by reference in the complaint,
26 or matters of judicial notice — without converting the motion to
27
28                                5

dismiss into a motion for summary judgment." <u>Ritchie</u>, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." <u>Lee</u>, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." <u>Ritchie</u>, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. <u>Id.</u> at 909; <u>see</u> F<small>ED</small>. R. E<small>VID</small>. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### **IV. Discussion**

**A. The '176 Patent is Unenforceable**

Title 35 U.S.C. § 253 provides for the procedural device of a terminal disclaimer and mandates that "[s]uch disclaimer shall be in writing, and recorded in the Patent and Trademark Office; and it shall thereafter be considered as part of the original patent to the extent of the interest possessed by the disclaimant and by those claiming under him." Terminal disclaimers are regulated by 37 C.F.R. § 1.321,

which provides that when a terminal disclaimer is filed to avoid an obviousness-type double patenting rejection in an application, as is the case here, the disclaimer must "[i]nclude a provision that any patent granted on that application . . . shall be enforceable only for and during such period that said patent is commonly owned with the application or patent that formed the basis for the judially created double patenting. 37 C.F.R. § 1.321(c). That express provision, as printed above, is included in the Terminal Disclaimer for the '176 Patent. (See Defs.' Mot. Dismiss Ex. 12 (#38-13).)

    The parties agree with binding Federal Circuit precedent that holds that if the ownership of a disclaimed patent is separated from the prior patent, the disclaimed patent is not enforceable. Merck & Co., Inc. v. U.S. Int'l Trade Comm'n, 774 F.2d 483, 485 (Fed. Cir. 1985) (enforcing provision in terminal disclaimer providing that the disclaimed patent would "expire immediately" if it ceased to be commonly owned with the prior patents). Further, the parties do not dispute that, according to the condition set forth in the Terminal Disclaimer, the '176 Patent is enforceable only so long as it is commonly owned with U.S. Patent No. 7,508,789 (the "'789 Patent"). Rather, Defendants argue that because the '789 Patent is owned by a party other than Plaintiff, Online News Link, LLC, the '176 Patent is not enforceable. Plaintiff counters that because Acacia owns both Plaintiff an Online News Link, the two patents are commonly owned by Acacia and Patent '176 is still enforceable according to the terms of the Terminal Disclaimer.

1    Plaintiff's argument that both the '176 Patent, owned by
2 Plaintiff Email Link, and the '789 Patent, owned by Online New Link,
3 are owned by Acacia by virtue of its 100% ownership of Email Link and
4 Online News Link goes against a "basic tenet of American corporate law
5 . . . that the corporation and its shareholders are distinct entities.
6 . . . A corporate parent which owns the shares of a subsidiary does
7 not, for that reason alone, own or have legal title to the assets of
8 the subsidiary."  Dole Food Co v. Patrickson, 538 U.S. 468, 474-75
9 (2003) (citations omitted); see also United States v. Bestfoods, 524
10 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply
11 ingrained in our economic and legal systems that a parent corporation
12 (so-called because of control through ownership of another
13 corporation's stock) is not liable for the actions of its
14 subsidiaries." (internal quotation marks omitted));  United States v.
15 Bennet, 621 F.3d 1131, 1136 (9th Cir. 2010) ("Today, it almost goes
16 without saying that a parent corporation does not own the assets of
17 its wholly-owned subsidiary by virtue of that relationship alone.").
18 Specifically in the patent context, the Federal Circuit has applied
19 this basic principle of American corporate law to hold that once a
20 parent company assigned a patent to its subsidiary, the parent no
21 longer had rights in the patent, even though it controlled the
22 subsidiary.  Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d
23 1198, 1200-03 (Fed. Cir. 2005) (finding that Plaintiff lost standing
24 to sue when it assigned the patent at issue to its subsidiary); see
25 also Quantum Corp. v. Riverbed Tech., Inc., No. C 07-04161 WHA, 2008
26 WL 314490, at *2 (N.D. Cal. Feb. 4, 2008) ("While Rocksoft and A.C.N.
27
28                                   8

120 were affiliates, each was created as separate corporate entities, and must be treated as such. That is, of course, the whole point of a corporation, to isolate its assets, liabilities, and operations. . . . Contrary to plaintiff, the mere fact that Rocksoft was A.C.N. 120's wholly-owned subsidiary does not automatically mean that A.C.N. 120 and Rocksoft had an agency relationship."). For this reason, Email Link, not Acacia, is the owner of the '176 Patent. Because the '176 Patent and the '789 are not owned by the same entity as required by the Terminal Disclaimer, we hold that the '176 Patent is unenforceable as a matter of law.

**B. Leave to Amend Would Prove Futile**

Because we hold that the '176 Patent is unenforceable as a matter of law, we must also deny Plaintiff's Motion for Leave to File an Amended Complaint (#74) for reason of futility. The proposed amended complaint does not address the underlying issue of the enforceability (or lack thereof) of the '176 Patent, and, in any event, made only cosmetic changes to the Complaint (#1) we now dismiss.

### V. Conclusion

The parties agree that the '176 Patent, owned by Plaintiff, is enforceable only so long as it is commonly owned with its predecessor, the '789 Patent, owned by Online News Link. The fact that Plaintiff and Online News Link are wholly owned by Acacia does not save the fact that the two patents do not belong to the same entity: it is a basic tenet of American corporate law that a parent does not own the assets of its subsidiary by virtue of that relationship alone. That is the

point of a corporation.  The '176 Patent is therefore unenforceable and the case must be dismissed.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants Caesars, Hilton, MGM, Treasure Island, and Wynn's Motion to Dismiss (#38) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Sands' Motion to Dismiss (#56) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (#74) is **DENIED**.

The Clerk shall enter judgment accordingly.

DATED: September 25, 2012.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

10